UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-250 |
| ) | |
| HENRY LONG RIFLE .22 CALIBER SERIAL ) | |
| #193720H, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| STEVEN BROWN, ) | |
| ) | |
| Claimant. ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Plaintiff United States of America commenced this forfeiture proceeding under 18 U.S.C. § 924(d)(1) on July 5, 2006, alleging that Defendant firearms and ammunition should be forfeited to the United States because they were received and possessed by *pro se* Claimant Steven Brown, a convicted felon, in violation of 18 U.S.C. § 922(g). (Docket # 1.)  The United States now moves for summary judgment, contending there is no genuine issue of material fact requiring a trial with respect to the forfeiture of the Defendant property. (Docket # 18, 19.)

For the reasons set forth herein, the motion for summary judgment will be GRANTED.

### II. FACTUAL BACKGROUND[1]

On September 27, 1995, Brown was convicted in the Starke Circuit Court, Starke

---

[1] Brown does not dispute the facts as set forth in Plaintiff's Memorandum in Support of Summary Judgment, and thus the facts articulated in Plaintiff's Memorandum are summarized here without citation to the record. (*See* Claimant's Resp. Br. at 1); N.D. Ind. L.R. 56.1(b).

County, Indiana, of Residential Entry, a Class-D felony, a violation of Indiana Code § 35-43-2-1.5. Brown was sentenced to a term of imprisonment of eighteen months with execution thereof suspended and was placed on probation for a period of eighteen months. Subsequent to his felony conviction, Brown purchased the Defendant firearms from various gun dealers. On February 9, 2006, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) interviewed Brown at his residence regarding his purchase of the firearms, during which Brown admitted that he had purchased and was in possession of the Defendant firearms and ammunition. ATF then took possession of five of the Defendant firearms and the Defendant ammunition from Brown's residence. The next day, Brown contacted Special Agent Salley and informed her that he had an additional firearm that was at his father's residence; consequently, on February 11, 2006, ATF retrieved the additional firearm.

In his Answer to the Plaintiff's Complaint, Brown admitted that he was in possession of the Defendant firearms and ammunition. ATF Special Agent Jessica Salley determined that each weapon retrieved from Brown is a "firearm" as defined under 18 U.S.C. § 921(a)(3), and similarly, that the ammunition retrieved from Brown is "ammunition" as defined under 18 U.S.C. § 921(a)(17)(A). ATF Special Agent Kevin O'Malley determined that the Defendant firearms and ammunition were manufactured outside the State of Indiana and therefore must have moved in or affected interstate commerce at one point in time.

### III. STANDARD OF REVIEW

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). When ruling on a motion for summary judgment, a court "may not make credibility determinations, weigh the evidence, or

decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true[,]" as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771.

## IV. DISCUSSION

18 U.S.C. § 922(g) states: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In turn, 18 U.S.C. § 924(d) provides that "[a]ny firearm or ammunition involved in or used in any knowing violation of . . . Section 922 . . . shall be subject to seizure and forfeiture . . . ."[2]

---

[2] Plaintiff has established that it commenced administrative forfeiture proceedings on February 28, 2006, satisfying the requirement in § 924(d)(1) that the forfeiture action be commenced within one hundred and twenty days of the seizure of Defendant firearms and ammunition. (*See* Docket # 25); *United States v. Miscellaneous Firearms, Explosives, Destructive Devices & Ammunition*, 376 F.3d 709, 711-13 (7th Cir. 2004) (articulating that "the time limitation in § 924(d)(1) merely requires the United States to initiate either an administrative forfeiture proceeding or a judicial forfeiture action within 120 days of seizure.").

Here, Brown does not dispute that he was convicted by a court in the State of Indiana of a crime punishable by more than one year imprisonment, that he was in possession of the Defendant firearms and ammunition, and that such firearms and ammunition were transported in interstate commerce. (*See* Claimant's Resp. Br. at 1 ("I'm not denying the facts in the affidavits or documents.")). Rather, in his one-half page response brief, Brown states that he thought his felony conviction would be reduced to a misdemeanor conviction upon completing probation, explaining that the Defendant firearms and ammunition "were all purchased with the assumption the felony charge was reduced." (*Id.*) He further explains that he applied for a governor's pardon on December 11, 2006, and that he is "awaiting judgment" on that front. (*Id.*)

However, Brown's mistaken belief regarding the reduction of his felony conviction and his hope for a governor's pardon do not ward off summary judgment in this instance. Simply, "[f]or a conviction to stand under this statute, the defendant must be shown knowingly to possess a gun." *United States v. Horton*, 503 F.2d 810, 813 (7th Cir. 1974); *see also United States v. Sutton*, 521 F.2d 1385, 1391 (7th Cir. 1975). To elaborate, "[t]he Government need not show that defendant knew the gun had traveled in interstate commerce or that he intended to violate the statute." *Horton*, 503 F.2d at 813; *see also United States v. Castor*, 937 F.2d 293, 298 (7th Cir. 1991) ("[T]here is no requirement in the statute that a defendant must *know* the weapon traveled interstate . . ."). Nor does the statute require Plaintiff to show that Brown knew he had been convicted of a felony at the time he received the firearms. *Sutton*, 521 F.2d at 1391; *United States v. Yeley*, 346 F. Supp. 2d 969, 974 (S.D. Ind. 2004) ("The requirement that the government must show that the defendant 'knowingly possessed a firearm' means only that the government must prove the defendant's awareness that he possessed a firearm; the government

4

need not demonstrate that the defendant possessed the firearm . . . *with knowledge that such possession was unlawful.*" (citation omitted)).

Clearly, Brown, a convicted felon, does not dispute that he knowingly possessed the Defendant firearms and ammunition. Consequently, there simply is no genuine issue of material fact that would ward off summary judgment in this instance. *See generally United States v. One Parcel of Prop. Located at 15 Black Ledge Drive, Marlborough, Conn.*, 897 F.2d 97, 102 (2nd Cir. 1990) (concluding in a forfeiture action that "[t]he evidence was so 'one-sided' that the government was entitled to summary judgment 'as a matter of law.'"); *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1573 (7th Cir. 1989) (affirming summary judgment when evidence was so one-sided that a trial would be "an exercise in futility for the plaintiff"); *United States v. One 1987 Mercedes Benz 300E*, 820 F. Supp. 248 (E.D. Va. 1993) (granting summary judgment to the government in a forfeiture of property case where there was no material issue of fact in dispute). Therefore, the Defendant firearms and ammunition will be forfeited to the United States pursuant to 18 U.S.C. § 924(d).[3]

## V.  CONCLUSION

For the reasons given herein, Plaintiff's motion for summary judgment (Docket # 18) is GRANTED. The Clerk is directed to enter a judgment in favor of Plaintiff and against

---

[3] Brown requests that the firearms and ammunition be released to his father so that he may "assume ownership." (Claimant's Resp. Br. at 1.)  However, a court may not return a convicted felon's firearms to a third party because § 922(g) prohibits felons from actual *or constructive* possession of firearms. *United States v. Crenshaw*, No. 02 C 7076, 2004 WL 742100, at *2 (N.D. Ill. March 31, 2004) (citing *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000)).  Thus, Brown's request is futile.

5

Defendants and Claimant.  SO ORDERED.

Enter for this 1st day of March, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge